JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STEPHANIE RANDALL

## DEFENDANTS

ROTHMAN NATIONAL MANAGEMENT SERVICES ORGANIZATION, LLC; RECONSTRUCTIVE ORTHOPAEDIC ASSOCIATES II, LLC, ROTHMAN ORTHOPAEDICS OF NEW JERSEY, PLLC; ROTHMAN ORTHOPAEDICS OF NEW YORK, PLLC; ROTHMAN ORTHOPAEDIC INSTITUTE

**(b)** County of Residence of First Listed Plaintiff   Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"); 43 P.S. § 951, et seq. ("PHRA"), Phila. Code § 9-1100, et seq. ("PFPO").

Brief description of cause:
Plaintiff brings this action against her former employers in connection with sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Honorable Joel H. Slomsky   DOCKET NUMBER   23-cv-00734

DATE
April 24, 2023

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Mount Laurel, NJ 08054 _____

Address of Defendant: _____ 925 Chestnut Street, 5th Floor, Philadelphia, PA 19107 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: 23-cv-00734   Judge: Honorable Joel H. Slomsky   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/24/2023   _____*Katherine C. Oeltjen*_____   318037
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Katherine C. Oeltjen, Esquire , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 04/24/2023   _____*Katherine C. Oeltjen*_____   318037
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Stephanie Randall | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROTHMAN NATIONAL MANAGEMENT | : | |
| SERVICES ORGANIZATION, LLC, et al. | : | NO. |
| Defendants | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| April 24, 2023 | | Plaintiff, Stephanie Randall |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |
|---|---|
| **STEPHANIE RANDALL** | : |
| **Mount Laurel, NJ 08054** | : |
|  | : |
|  | : **CIVIL ACTION NO.** |
| **Plaintiff,** | : |
|  | : |
| **v.** | : |
|  | : |
| **ROTHMAN NATIONAL** | : |
| **MANAGEMENT SERVICES** | : |
| **ORGANIZATION, LLC** | : |
| **925 Chestnut Street, Fifth Floor** | : |
| **Philadelphia, PA 19107** | : |
|  | : |
| **and** | : **JURY TRIAL DEMANDED** |
|  | : |
| **ROTHMAN ORTHOPAEDIC** | : |
| **INSTITUTE** | : |
| **925 Chestnut Street, Fifth Floor** | : |
| **Philadelphia, PA 19107** | : |
|  | : |
| **and** | : |
|  | : |
| **RECONSTRUCTIVE ORTHOPAEDIC** | : |
| **ASSOCIATES II, LLC** | : |
| **925 Chestnut Street, Fifth Floor** | : |
| **Philadelphia, PA 19107** | : |
|  | : |
| **and** | : |
|  | : |
| **ROTHMAN ORTHOPAEDICS OF NEW** | : |
| **JERSEY, PLLC** | : |
| **925 Chestnut Street, Fifth Floor** | : |
| **Philadelphia, PA 19107** | : |
|  | : |
| **and** | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |

**ROTHMAN ORTHOPAEDICS OF**     **:**
**NEW YORK, PLLC**     **:**
**925 Chestnut Street, Fifth Floor**     **:**
**Philadelphia, PA 19107**     **:**
    **:**
               **Defendants.**   **:**
_____     **:**

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Stephanie Randall, brings this action against her former employers, Rothman National Management Services Organization, LLC; Rothman Orthopaedic Institute; Reconstructive Orthopaedic Associates II, LLC; Rothman Orthopaedics of New Jersey, PLLC; and, Rothman Orthopaedics of New York, PLLC ("Defendants") in connection with the sex discriminatory and retaliatory conduct to which they subjected Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO").

### II.    PARTIES

1.    Plaintiff, Stephanie Randall, is an individual and a citizen of the State of New Jersey.

2.    Plaintiff is female.

3.    Defendant, Rothman National Management Services Organization, LLC, is incorporated in Pennsylvania, and has a principal place of business at 925 Chestnut Street, Philadelphia, PA 19107.

4.    Defendant, Rothman Orthopaedic Institute, has a principal place of business

at 925 Chestnut Street, Philadelphia, PA 19107.

5.    Defendant, Reconstructive Orthopaedic Associates II, LLC, is incorporated in Pennsylvania, and has a principal place of business at 925 Chestnut Street, Philadelphia, PA 19107.

6.    Defendant, Rothman Orthopaedics of New Jersey, PLLC, is incorporated in New Jersey, and has a principal place of business at 925 Chestnut Street, Philadelphia, PA 19107.

7.    Defendant, Rothman Orthopaedics of New York, PLLC, is incorporated in New York, and has a principal place of business at 925 Chestnut Street, Philadelphia, PA 19107.

8.    Defendants are engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

9.    At all times material hereto, Defendants employed more than fifteen (15) employees.

10.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendant's business.

11.    At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

12.    At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

13.    The causes of action which form the basis of this matter arise under Title

3

VII, the PHRA, and the PFPO.

14.    The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

15.    The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

16.    The District Court has supplemental jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

17.    Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

18.    On or about September 2, 2021, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

19.    On or about February 9, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination.  Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

20.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

21.    Plaintiff began working at Defendants on or about April 25, 2011.

22.     As of the time of Plaintiff's termination from Defendants, she held the position of Manager of Patient Financial Services.

23.     At all times material hereto, Plaintiff consistently demonstrated excellent performance throughout her employment with Defendants.

24.     Plaintiff reported directly to Nicole Deusinger, Associate Director. Deusinger reported directly to Gina Pino, Director of Business Services.

25.     In or about 2019, Pino started reporting to Sean Porrini (male), who had just been hired as Chief Financial Officer.  Since in or around late March 2021, Porrini reported to Christopher Olivia (male), Chief Executive Officer ("CEO").  Prior to Porrini's hire, Pino had reported directly to the CEO.

26.     Defendants subjected female employees, including Plaintiff, to sex discriminatory conduct, including that which is set forth herein.

27.     Porrini made it clear that he did not value female employees as much as male employees.

28.     To Plaintiff's information and belief, Porrini told Deusinger that she looked good in her clothes and that she always looked good, even on casual Fridays.

29.     Porrini said that Plaintiff, and other female employees, were emotional.

30.     To Plaintiff's information and belief, Porrini did not refer to male employees as emotional, or say that they were communicating with emotion, or anything along those lines.

31.     Porrini was dismissive of female employees' contributions and accomplishments, while praising the contributions and accomplishments of male employees.

32.     Porrini spoke to female employees in a condescending and hostile manner.

33.     Plaintiff did not hear Porrini speak to male employees in the condescending and hostile manner in which he communicated with female employees.

34.     Porrini interrupted and became visibly impatient with Plaintiff and other female employees when they were speaking.

35.     Plaintiff did not hear Porrini interrupt or see him become visibly impatient with male employees to the extent that he did with her and other female employees.

36.     To Plaintiff's information and belief, Porrini complained that female employees were "loud", "unprofessional", "argumentative", "intimidating", and "aggressive".

37.     Plaintiff did not hear that Porrini referred to male employees using terms like "loud", "unprofessional", "argumentative", "intimidating", or "aggressive".

38.     To Plaintiff's information and belief, Porrini referred to female employees as "paper-pushers".

39.     Porrini commented in meetings that certain female employees looked "confused" when he was speaking, suggesting to the group that the female employees were not intelligent enough to understand what he was discussing about work.

40.     To Plaintiff's information and belief, Porrini did not describe male employees as looking "confused".

41.     Porrini gave vague instructions or directions that contradicted prior instructions to female employees regarding tasks that he wanted done, and then criticized the female employees to whom he assigned the tasks when they asked for confirmation regarding the same.

42.    Porrini assigned tasks to female employees that were unnecessary or outside of the scope of their responsibilities, which impacted their abilities to complete their daily job duties.

43.    On or about February 25, 2021, Plaintiff, and other female employees who reported indirectly to Porrini, Deusinger, Natalie Petrongola, Stephanie Randall, Deborah Aleardi, and Heather McQuilkin, sent an email to Breanna Woods, Director of Human Resources, complaining about Porrini's hostile, degrading, dismissive, intimidating, and offensive treatment.

44.    The February 25, 2021 email to Woods included that Porrini had made comments to Deusinger about her looking good in her clothes.

45.    Plaintiff and her female colleagues copied Pino on their February 25, 2021 email to Woods.

46.    In response to the February 25, 2021 email from Plaintiff and her female colleagues, Pino thanked them for sending the email, and copied Woods on her message.

47.    Shortly after Plaintiff and her female colleagues sent the email, Woods met with each of them.

48.    During Plaintiff's meeting with Woods, Plaintiff made it clear that she believed that Porrini treated her and other female employees a certain way because of their sex.

49.    Woods told Plaintiff and, to her information and belief, the other female employees who complained, that they would no longer have to interact with Porrini and that he would be coached.

50.    To Plaintiff's information and belief, Defendants failed to take appropriate

remedial and/or corrective action in connection with her complaints, and the complaints of other female employees, regarding Porrini's sex discriminatory treatment.

51.     In or around March 2021, Deusinger was assigned to report directly to Betsy Duffy (female), who had recently been hired as Vice President of Revenue Cycle.  Plaintiff then reported, indirectly, to Duffy.

52.     To Plaintiff's information and belief, Porrini wanted to hire a man into the Vice President position into which Duffy had been hired, but that Defendants' Senior Leadership told Porrini that there were too many men in high-level positions at Defendants and that they needed to hire a woman into that position.

53.     To Plaintiff's information and belief, Porrini had said that he felt that he needed a "guy" to get a handle on Plaintiff's group, which consisted of her and her female colleagues who had complained about him.

54.     After Plaintiff, and her female colleagues, made complaints of sex discriminatory treatment, Defendants retaliated against them, including that which is set forth herein.

55.     In or around April 2021, Pino was terminated.

56.     After Plaintiff and her female colleagues complained about sex discriminatory conduct, and after Pino was terminated, Porrini:

       (a)     Continued to oversee Plaintiff and the other female employees who had complained about his conduct;

       (b)     Removed certain job duties and responsibilities from some of the female employees in Plaintiff's group;

       (c)     Excluded some of the female employees from group meetings;

8

(d)     Unjustly criticized and scrutinized the work of some of the female employees; and,

(e)     Assigned tasks to some of the female employees that were outside of the scope of their responsibilities and that impacted their ability to contribute towards the overall work of the group.

57.     On or about July 7, 2021, Defendants terminated Plaintiff's employment, effective immediately.

58.     Defendants told Plaintiff that her employment was being terminated because Defendants were going in a different direction.

59.     Plaintiff and her other female colleagues who complained about Porrini's sex discriminatory treatment, Deusinger, Petrongola, McQuilkin, and Aleardi, were all terminated on the same day.

60.     Defendants failed to provide Plaintiff with a legitimate, non-discriminatory reason for her termination.

61.     Plaintiff's sex was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including in connection with the hostile work environment to which she was subjected and her termination.

62.     Plaintiff's complaints about Defendants' discriminatory conduct were motivating and/or determinative factors in Defendants' retaliatory treatment of Plaintiff, including in connection with the hostile work environment to which she was subjected and her termination.

63.     Defendants failed to prevent or address the sex discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial

measures to make the workplace free of sex discriminatory and retaliatory conduct.

64.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

65.     As a direct and proximate result of the sex discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

66.     Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

67.     Plaintiff incorporates herein by reference paragraphs 1 through 66 above, as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

69.     Said violations were done with malice and/or reckless indifference.

70.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

### COUNT II – PHRA

73.     Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74.      Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

75.     Said violations were intentional and willful.

76.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

77.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

78.     No previous application has been made for the relief requested herein.

### COUNT III – PFPO

79.     Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PFPO.

81.     Said violations were intentional and willful.

82.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

12

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

(j)     awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(k)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated:  April 24, 2023              BY: _____
                                          Katherine C. Oeltjen
                                          1525 Locust Street, 9th Floor
                                          Philadelphia, PA 19102
                                          (215) 545-7676

                                          Attorney for Plaintiff,
                                          Stephanie Randall

13

Exhibit "1"

Received

SEP 0 2 2021

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                                         :

**STEPHANIE RANDALL**                                :          Docket No.  2021005 85

v.                                                   :

RESPONDENTS:                                         :

**ROTHMAN ORTHOPAEDIC INSTITUTE**                    :

AND                                                  :

**ROTHMAN NATIONAL MANAGEMENT**
**SERVICES ORGANIZATION**                            :

AND                                                  :

**RECONSTRUCTIVE ORTHOPAEDIC**
**ASSOCIATES, LLC**                                  :

AND                                                  :

**ROTHMAN INSTITUTE**                                :

AND                                                  :

**ROTHMAN ORTHOPAEDICS OF**
**NEW JERSEY, PLLC**                                 :

AND                                                  :

**ROTHMAN ORTHOPAEDICS OF**
**NEW YORK, PLLC**                                   :

1 .  The Complainant herein is:

Name:          Stephanie Randall

Address:     <span style="background:black;color:white">redacted</span>
            Mt. Laurel, NJ 08054

2.  The Respondents herein are:

Names:     Rothman Orthopaedic Institute; Rothman National Management Services
           Organization; Reconstructive Orthopaedic Associates, LLC; Rothman
           Institute; Rothman Orthopaedics of New Jersey, PLLC; Rothman
           Orthopaedics of New York, PLLC

Address:   925 Chestnut Street, 5th Floor
           Philadelphia, PA 19107

3.  I, Stephanie Randall, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and unlawful retaliation because of my sex discrimination complaints, as set forth below.

**Discrimination and Retaliation**

   **A. I specifically allege:**

   [1]     I began working at Respondents on or about April 25, 2011.

   [2]     I consistently performed my job duties in a highly competent manner and received positive feedback.

   [3]     I last held the position of Manager of Patient Financial Services.

   [4]     I last reported to Nicole Deusinger (female), Associate Director. Deusinger reported to Betsy Duffy (female), Vice President of Revenue Cycle. Duffy reported to Sean Porrini (male), Chief Financial Officer. Porrini reported to Christopher Olivia (male), Chief Executive Officer.

   [5]     Before reporting to Duffy, Deusinger reported to Gina Pino (female), Director of Business Services.

[6]      In addition to me, at the time of my termination, the following employees reported to Duffy, directly or indirectly.

(a) Natalie Petrongola (female), Manager of Workers Compensation/Disability;

(b) Debbie Aleardi (female), Associate Director;

(c) Nicole Deusinger (female), Associate Director;

(d) Heather McQuilkin (female), Associate Director.

[7]      In or about 2019, I began indirectly reporting to Porrini.

[8]      Porrini treated female employees, including me, differently and worse, and in a more hostile and dismissive manner than how he treated male employees.

[9]      Porrini made comments of a sexual nature to female employees, including commenting on female employees' appearance and clothes.

[10]      Porrini commented to Deusinger that she "look[ed] good in [her] clothes," that she "always look[ed] good," even on casual Fridays, and that she should "keep that up."

[11]      Porrini made disparaging, demeaning, and condescending comments to and about women.

[12]      Porrini unjustly criticized female employees', including my, performance.

[13]      Porrini praised and acknowledged successes of male employees but did not do the same for female employees.

[14]      Porrini spoke over, interrupted, and became visibly impatient with female employees.

[15]      Porrini referred to female employees, including me, as "emotional."

[16]    Porrini instructed female employees not to be "argumentative" and "intimidating."

[17]    Porrini referred to female employees as "aggressive" or "loud," but did not refer to male employees in the same way.

[18]    Porrini told Aleardi that she was "intimidating" and "loud," and that he did not like it.

[19]    Porrini referred to certain female employees as "unprofessional."

[20]    Porrini referred to female employees as "paper-pushers."

[21]    Porrini commented in an irritated tone that Pino "jingle[d] her jewelry."

[22]    Porrini commented that Petrongola twirled her hair in meetings, and that was "immature."

[23]    Porrini refused to promote Pino despite her qualifications.

[24]    On February 25, 2021, in an email to Woods, copying Pino, Deusinger, Petrongola, Aleardi, McQuilkin, and I complained of sex discrimination in connection with Porrini. We stated that Porrini treated us in a hostile and dismissive manner, and complained that Porrini "has made comments about the way [Deusinger] dress[es], actually saying, in front of Gina [Pino], 'this probably isn't going to come out right, but you look good in your clothes.'"

[25]    We received no written response to our complaint.

[26]    Following the above email, in meetings with Woods, we discussed our complaint.

[27]    We were told that Porrini would be coached.

[28]    We were falsely told that we would no longer have to interact with Porrini.

[29]    Respondents failed to remedy or prevent the sex discrimination at
Respondents.

[30]    In or about March 2021, our team began reporting to Duffy.

[31]    In or about mid-February 2021, in a meeting with Woods, she told
McQuilkin, Deusinger, Aleardi, and Pino that Porrini did not want to hire a female employee for
the Vice President of Revenue Cycle position. She told us that Porrini stated that it was against
his better judgment to hire Duffy, as he wanted to hire a male candidate, even though Duffy was
the better candidate for the position. She stated that Senior Leadership told Porrini that it would
not be a good look to have a male employee in the Vice President of Revenue Cycle position.
She told us that Senior Leadership stated that there were too many men in high-level positions at
Respondents, and that Porrini needed to hire a woman. She told us that Porrini stated that he did
not like Duffy, and needed a "guy" to get a handle on our team, but that he felt pressured to hire
a female employee.

[32]    In or about April 2021, Pino was pushed out.

[33]    Following our sex discrimination complaint, Deusinger, Petrongola,
Aleardi, McQuilkin, and I were treated differently and worse, and in a more hostile and
dismissive manner than male and/or noncomplaining employees were treated.

[34]    Porrini removed certain job duties and responsibilities from us.

[35]    Porrini cancelled scheduled meetings with us.

[36]    Porrini excluded us from meetings and phone calls related to our job
duties, in which we had previously been involved.

[37]    Porrini unjustly criticized us and micromanaged us.

[38]    Porrini set us up to fail.

[39]    On July 7, 2021, in a meeting with Duffy and Woods, Respondents terminated my employment, effective immediately. The stated reason was that Respondents were going in a different direction. I was told that the entire team, which consisted of Deusinger, Petrongola, Aleardi, McQuilkin, and I, was being terminated that day. Respondents offered to pay me twenty-four (24) weeks of compensation in exchange for a release of all claims against Respondents and confidentiality. I refused to sign the severance agreement.

[40]    Respondents terminated my employment because of my sex and/or my sex discrimination complaints.

[41]    Before I complained of sex discrimination, I had no indication that my job was in jeopardy.

[42]    I had no performance or disciplinary issues throughout my employment.

[43]    Respondents terminated each of the five (5) female employees in the department, reporting to Duffy directly or indirectly, who complained of sex discrimination in connection with Porrini.

[44]    Respondents replaced me with male and/or noncomplaining employees. I was more qualified to perform my job duties than the noncomplaining and/or male employees to whom Respondents assigned my job duties.

[45]    I was provided with no opportunity to remain employed with Respondents.

[46]    Other female employees have complained about Porrini.

[47]    Porrini remains employed with Respondents.

[48]    Respondents subjected me to a hostile work environment because of my sex.

Tc: +12155603682                    2021-09-02 12:37:21 EDT                    12158275101                    From: Anna Smith

[49]    Respondents subjected me to a hostile work environment because of my sex discrimination complaints.

[50]    Respondents' sex discriminatory and retaliatory conduct toward me has caused me emotional distress.

[51]    Respondents' conduct evidences a bias against female employees.

[52]    Respondents' conduct evidences a bias against employees who engaged in protected activity.

[53]    Respondents have pushed out and/or terminated and/or compensated less and/or treated in a hostile and dismissive manner female employees.

[54]    **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are female, and have been discriminated against based on sex, in connection with termination, failure to be promoted, failure to be select for positions, compensation, and being subjected to a hostile work environment.**

B.    Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and retaliated against me because of my sex discrimination complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744, as amended) Section 5 Subsection(s):   (a); (d)**

_____      Section 5.1 Subsection(s) _____

_____      Section 5.2 Subsection(s) _____

_____      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

__X__      . **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and

     procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

     complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

9/1/2021
(Date Signed)

(Signature)    Stephanie Randall
redacted
Mt. Laurel, NJ 08054

Exhibit "2"

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Stephanie Randall** <br> redacted <br> **Mount Laurel, NJ 08054** | From:  **Philadelphia District Office** <br> **801 Market St, Suite 1000** <br> **Philadelphia, PA 19107** |

| EEOC Charge No. <br> **17F-2022-60057** | EEOC Representative <br> **Damon Johnson,** <br> **State, Local & Tribal Program Manager** | Telephone No. <br> **(267) 589-9722** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
2/9/2023

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:    **For Respondent**
Gaetan J Alfano
Pietragallo Gordon Alfano Bosick & Raspanti, LLC
1818 Market Street
Philadelphia, PA 19103

**For Charging Party**
Katherine C Oeltjen
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102